**WILLIAMS et al. v. MILLER et al.**

No. 22041-S.

District Court, N. D. California, S. D.

May 7, 1942.

Decree Affirmed Dec. 7, 1942.

See 63 S.Ct. 258, 87 L.Ed. ——.

A. J. Harwood, of San Francisco, Cal., for plaintiff.

278

Earl Warren, Atty. Gen. for State of California, and J. Albert Hutchinson and Lucas E. Kilkenny, Deputies Atty. Gen., for defendant Allen Miller.

Gilbert D. Ferrell, Dist. Atty., for San Mateo County, and Burress Karmel, Deputy Dist. Atty., of San Francisco, Cal., for defendant Gilbert D. Ferrell.

Before WILBUR, Circuit Judge, ST. SURE and ROCHE, District Judges.

WILBUR, Circuit Judge.

By Chapter 9 of Division III, §§ 7000–7139, of the California Business and Professions Code, St.1939, c. 37, pp. 381–395, as amended, St.1939, c. 967, c. 1091, pp. 2718, 3020, St.1941, c. 882, c. 971, pp. 2460, 2602, rules are established for the licensing and regulation of building contractors. It is provided that no one except a licensed contractor, or an owner dealing with a licensed contractor, architect or engineer, shall undertake or perform any construction work on real property, except as an employee working solely for wages. Exceptions are provided in case of minor operations (under one hundred dollars) and for governments, public districts, public utilities, agriculture, oil wells, and owners building or improving for their own occupancy without intention of selling. A licensing Board is established, and licensees are required to have good character and to "show such degree of ex‚ perience, and such general knowledge of the building, safety, health and lien laws of the State and of the rudimentary administrative principles of the contracting business as the board deems necessary for the safety and protection of the public" (§ 7068, St.1941, p. 2604). The initial license fee is ten dollars and annual renewals are five dollars (§ 7137, St.1941, p. 2607); all fees are to be devoted to the expenses of administering the act (§ 7135, St.1939, p. 395).

Plaintiffs herein are, respectively, an owner of unimproved real property in San Mateo County, California, a house painter, and a laborer. Defendants are the Registrar of Contractors, provided for by the statute above referred to, and the District Attorney of San Mateo County.

It is alleged to be the desire of the plaintiff landowner to erect upon his land a house, not for his own occupancy but for sale, and to that end to employ plaintiff painter (for $150) and plaintiff laborer (for $25), both of whom desire such employment, and certain other artisans not specified, not as employees for wages but as independent contractors for the accomplishment of specific portions of the project. It is further alleged that the plaintiffs fear to enter into the contracts or undertaking referred to because, should they do so, defendants will prosecute them for violation of the statute. The plaintiffs allege in general language that the statute is void as a deprivation of rights and liberty guaranteed to them by the Fourteenth Amendment to the Constitution of the United States, and they seek interlocutory and permanent injunctions prohibiting its enforcement. No plaintiff has applied or intends to apply for a contractor's license.

Defendants have moved for dismissal of the complaint on the grounds that it fails to state a cause of action and that the District Court lacks jurisdiction.

The objection to jurisdiction will be first considered.

The District Courts of the United States have only such jurisdiction as is granted to them by Congress. Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 84 L.Ed. 329. The Congressional grant of jurisdiction is found in § 24 of the Judicial Code, 28 U.S.C.A. § 41. Subsection (1) of that section gives jurisdiction of all suits of a civil nature, at common law or in equity, arising under the Constitution or laws of the United States, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. Plaintiffs have made no attempt to show that $3,000 is here involved, and so cannot avail themselves of the provisions of this subsection.

The only remaining subsection of § 24, supra, granting jurisdiction, which is claimed to be applicable to the instant case is the fourteenth:

"Suits to redress deprivation of civil rights. Fourteenth. Of all suits at law or in equity authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom, or usage, of any State, of any right, privilege, or immunity, secured by the Constitution of the United States, or of any right secured by any law of the United States providing for equal rights of citizens of the United States, or

of all persons within the jurisdiction of the United States."

The only law specifically authorizing suits to redress the deprivation of constitutional and statutory rights is found in 8 U.S.C.A. § 43 and is evidently referred to in subsection (14) of § 24 of the Judicial Code, supra. Both sections are derived from § 1 of the Civil Rights Act of 1871, 17 Stat. 13. 8 U.S.C.A. § 43 provides:

"Civil action for deprivation of rights. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ It is clear that not every attack upon a state statute on the ground that it violates a constitutional right is within the scope of subsection (14), supra, so as to dispense with the requirement of subsection (1), supra, that more than $3,000 be in dispute. For example, jurisdiction was held to be lacking when less than $3,000 was involved, in McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, where a corporate plaintiff sought to enjoin, as a denial of due process and equal protection of the law, enforcement of a state regulation of its business and, in Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248, where an individual sought to enjoin the collection of a business licensing tax which he claimed was discriminatory.

■ On the other hand, it was held by the Supreme Court in Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423, that a suit to enjoin the enforcement of a municipal ordinance claimed to violate the constitutional rights of free speech and assembly was within the jurisdiction of the federal courts under subsection (14), so far as natural persons plaintiff were concerned, although it did not appear that more than $3,000 was involved. As to a corporate plaintiff, it was held in the same case that there was no jurisdiction because the rights of free speech and free assembly do not extend to artificial persons. Justice Stone, (Justice Reed and Chief Justice Hughes, concurring) concluded that effect must be given to both subsections (1) and (14), supra, and that subsection (14) applies only to actions to protect rights or immunities of personal liberty not dependent upon the infringement of property rights. We agree with this conclusion and, consequently, hold that if the plaintiff's complaint is within the scope of subsection (14), supra, of Judicial Code § 24, federal jurisdiction may exist without the allegation that more than $3,000 is involved as required by subsection (1), supra, of that section. See, to the same effect, City of Manchester v. Leiby, 1 Cir., 117 F.2d 661, 664.

We come then to the question of whether the allegation of the complaint brings the case within the scope of subsection (14), supra.

■ For a plaintiff to invoke successfully the jurisdiction of the District Court on the ground that he seeks protection of a federal right his complaint on its face must appear to raise a substantial federal question; a mere claim in words is not sufficient. Pacific Elec. Ry. Co. v. Los Angeles, 194 U.S. 112, 24 S.Ct. 586, 48 L. Ed. 896; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. No substantial question is presented by a contention which is obviously without merit (Moyer v. Peabody, 212 U.S. 78, 29 S.Ct. 235, 53 L. Ed. 410; Ramapo Water Co. v. City of New York, 236 U.S. 579, 35 S.Ct. 442, 59 L.Ed. 731), or on which the Supreme Court has already ruled adversely (California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323), and a district court is without jurisdiction in such a case.

■ In considering the sufficiency of the complaint for this purpose, regard must be had for the "salutary principle that the essential facts should be determined before passing upon grave constitutional questions", (Polk Co. v. Glover, 305 U.S. 5, 10, 59 S.Ct. 15, 17, 83 L.Ed. 6). In Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, page 213, 55 S.Ct. 187, p. 193, 79 L.Ed. 281, Justice Stone and Justice Cardozo, in a concurring opinion, explained the doctrine thus: "It is inexpedient to determine grave constitutional questions upon a demurrer to a complaint, or upon an equivalent motion, if there is

a reasonable likelihood that the production of evidence will make the answer to the questions clearer."

Accordingly, the Supreme Court has held it to be error to dismiss a complaint for failure to state a cause of action when it alleged facts such that their proof might reasonably lead the court to hold the legislation unconstitutional. Polk Co. v Glover, 305 U.S. 5, 59 S.Ct. 15, 83 L.Ed. 6 supra; Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 55 S.Ct. 187, 79 L. Ed. 281. In both cases the court expressly refrained from deciding that the plaintiff would be entitled to relief upon proof of the facts alleged; the determination of that question was postponed until evidence of the actual facts was before the court so that the court "in enforcing individual rights, shall not proceed upon false assumptions". (Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 211, 55 S.Ct. 187, 192, 79 L.Ed. 281)

■ However, this rule is not without its limitations. The facts alleged may be so utterly unsuggestive of the invasion of any constitutional right that the court will not allow the plaintiff to proceed to prove them since no amount of proof of his factual allegations could suffice to sustain his legal conclusion of unconstitutionality. For example, in Advance-Rumely Thresher Co., Inc., v. Jackson, 287 U.S. 283, 53 S. Ct. 133, 77 L.Ed. 306, 87 A.L.R. 285, the court had before it for consideration a North Dakota statute which provided that buyers for their own use, of certain power-operated farm machinery, should have a reasonable opportunity to try out the same, and a nonwaivable right of rescission if the machinery proved unsuited to the purpose for which it was bought. Plaintiff buyer brought such a suit to rescind, and defendant seller answered, alleging a waiver of the statutory right by the terms of the contract of sale and unconstitutionality of the statute. The plaintiff's demurrer to the answer was sustained, and this was affirmed by the Supreme Court on the ground that the statute clearly appeared to be a reasonable exercise of the police power in a matter of grave public concern.

Similarly, in the case of Pacific States Box & Basket Co. v. White, 296 U.S. 176, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.L.R. 853, the plaintiff sued to enjoin enforcement of a statute regulating the size, shape and construction of retail fruit containers, alleging that the regulation was not necessary to the protection of public health, prevention of fraud, development of horticulture, or any other valid subject of the police power, and that it deprived the plaintiff, a manufacturer of nonconforming containers, of constitutional rights. The lower court granted defendant's motion to dismiss on the ground that plaintiff had not alleged facts sufficient to entitle it to relief and this decree was affirmed by the Supreme Court. The court reiterated the rule that if any reasonably conceivable state of facts would justify the regulation such facts must be presumed to exist and the burden is on the plaintiff to allege the contrary. Moreover, he must allege specific facts showing such nonexistence. General allegations of the sort there before the court were held to be mere conclusions of law or fact, whereas specific ultimate facts should be pleaded. Such conclusions, not being well pleaded, were not admitted by the motion to dismiss and were not to be considered in passing upon it. Disregarding those allegations, the complaint was devoid of any showing of unconstitutionality, and so failed to state a cause of action.

■ In the complaint at bar, there is no allegation whatever, in terms however general, that the California statute is not necessary or reasonable for the protection of the public; much less is there any such allegation of specific ultimate facts showing nonnecessity as was required in Pacific States Box & Basket Co. v. White, supra. We can readily conceive of many circumstances which would justify the legislature in requiring that persons engaged in constructing buildings intended for sale should have good character and a rudimentary knowledge of their business. "Regulations respecting the pursuit of a lawful trade or business are of very frequent occurrence * * * and unless the regulations are so utterly unreasonable and extravagant in their nature and purpose that the property and personal rights of the citizen are unnecessarily, and in a manner wholly arbitrary, interfered with or destroyed without due process of law, they do not extend beyond the power of the state to pass, and they form no subject for Federal interference." Gundling v. Chicago, 177 U.S. 183, 188, 20 S.Ct. 633, 635, 44 L.Ed. 725. That abuses might prevail from which the public would be in

some measure protected by such a requirement as is made here is too obvious to require elaboration; and plaintiffs have made no attempt to show that the actuality is otherwise.

We conclude that the complaint, accepting its allegations as true, fails to state facts sufficient to show the deprivation of any right guaranteed to the plaintiffs by the Constitution. As stated by Justice Holmes in Ramapo Water Co. v. City of New York, 236 U.S. 579, 583, 35 S.Ct. 442, 443, 59 L.Ed. 731: "If it is apparent that the bill is groundless, it does not matter very much whether the dismissal purports to be for want of jurisdiction or on the merits. But we are of opinion that the groundlessness of the bill is so obvious that it fairly may be said that no substantial constitutional question appears." It follows, in conformity with the cases cited, that the District Court has not jurisdiction of the suit under Judicial Code § 24(14) or otherwise, and the defendants' motion to dismiss is granted accordingly.

It is unnecessary, in this view of the case, to consider whether the constitutional rights which the plaintiffs assert are of such sort as to entitle them to the benefits of subsection (14), had an adequate showing been made of their deprivation.

Complaint dismissed.