MOYER *v.* PEABODY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF COLORADO.

No. 55. Argued January 5, 6, 1909.—Decided January 18, 1909.

What is due process of law depends on circumstances, and varies with the subject-matter and necessities of the situation.

An officer of a State interfering with an individual's rights in an unconstitutional manner derives no protection from personal liability on account of his office.

The declaration of the governor of a State that a state of insurrection exists is conclusive.

Where the constitution and laws of a State give the governor power to suppress insurrection by the National Guard, as is the case in Colorado, he may also seize and imprison those resisting, and is the final judge of the necessity for such action; and when such an arrest is made

in good faith he cannot be subjected to an action therefor after he is out of office on the ground that he had not reasonable cause.

Public danger warrants the substitution of executive for judicial process; and the ordinary rights of individuals must yield to what the executive honestly deems the necessities of a critical moment.

Without deciding other questions as to the jurisdiction of the Circuit Court, *held* that the declaration of plaintiff in error in this case against the former governor of Colorado for arrest and detention during a period of insurrection does not give the Circuit Court jurisdiction thereof under § 629 or § 1979, Rev. Stat., as a suit authorized by law brought to redress the deprivation of a constitutional right.

148 Fed. Rep. 870, affirmed.

THE facts are stated in the opinion.

*Mr. Edmund F. Richardson,* with whom *Mr. Horace N. Hawkins* was on the brief, for plaintiff in error:

The Circuit Court of the United States has jurisdiction to entertain a controversy, arising under § 1979, Rev. Stat., for the infringement of a guaranty secured by the Fourteenth Amendment.

An allegation in the complaint showing that one has been deprived of the constitutional guaranty of liberty, without due process of law, setting up and defining in his complaint what constitutes due process of law in the state courts, coupled with an averment that those state courts were in the untrammeled exercise of their jurisdiction, except in so far as they were interfered with by the defendants themselves, gives to the Federal courts a jurisdiction to determine whether or not the statement of facts contained in the complaint is true, and if it is true, a right and duty devolves upon those courts to remedy that deprivation. *Hemsley* v. *Meyer,* 45 Fed. Rep. 283.

It is state action of a particular character that is prohibited by the Fourteenth Amendment. Individual invasion of individual rights is not the subject-matter of the amendment. It does not invest Congress with power to legislate upon subjects which are within the domain of state legislation, but to provide modes of relief against state legislation or

state action of the kind referred to. *Virginia* v. *Rives*, 100 U. S. 313; *Civil Rights Cases*, 109 U. S. 3; *Ex parte Plessy*, 45 La. Ann. 80; *Logan* v. *United States*, 144 U. S. 263; *Hall* v. *Virginia*, 8 Wall. 168; *Legrand* v. *United States*, 12 Fed. Rep. 577; *Miller* v. *New York*, 13 Blatchf. 469.

What these defendants did appears to have been done by them as officers of the State. That action has met the sanction of the majority opinion of the Supreme Court of the State. If state action be obnoxious to the Fourteenth Amendment, the Circuit Court has jurisdiction to uphold that Amendment and to maintain the paramount law of the land, and the duty devolves upon it to declare what the Constitution means or to follow the declarations already made by this court upon that subject.

The defendants cannot be relieved from the consequences of their wrongful acts by reason of their being, at the time, officers of the State. *Ex parte Virginia*, 100 U. S. 339; *Ames* v. *Kansas*, 111 U. S. 449, 470; *Poindexter* v. *Greenhow*, 114 U. S. 270, 285; *Yick Wo* v. *Hopkins*, 118 U. S. 356, and cases there cited.

The action of the defendants in imprisoning Moyer under the circumstances recited in the complaint was in violation of the Fourteenth Amendment. See *Ex parte Milligan*, 4 Wall. 2; *Ex parte Merryman*, 9 Am. L. R. 524; *S. C.*, 17 Fed. Cas. No. 9,487.

No officer can escape liability for causing the arrest and imprisonment of a civilian who is not amenable to military law. The utmost that he can do in a state of war is to arrest such civilian and turn him over to the civil authorities, if the civil authorities are in operation; if not, he must be turned over to the civil authorities the minute that such authorities are in operation, and the first duty of the military is to see that the civil authorities are placed in operation. *McCall* v. *McDowell*, Deady, 233; *McCall* v. *McDowell*, 1 Abbott, 212; *Ex parte Merryman*, Taney, 246; *S. C.*, 9 Am. L. R. 524; *S. C.*, 17 Fed. Cas., No. 9,487; *Cochran & Thompson* v. *Tucker*, 3 Coldwell, 186; *Caperton* v. *Martin*, 4 W. Va. 138; *S. C.*, 6 Am. Rep. 270.

*Mr. Horace Phelps,* with whom *Mr. William H. Dickson,* Attorney General of the State of Colorado, and *Mr. John M. Waldron* were on the brief, for defendants in error:

The judicial power of the United States does not extend to this controversy. This is not a case arising under the Federal Constitution nor under any law of the United States. *United States* v. *Cruikshank,* 92 U. S. 542; *United States* v. *Harris,* 106 U. S. 629; *Virginia* v. *Rives,* 100 U. S. 313, 334; *Barney* v. *City of New York,* 193 U. S. 430, 437; *St. L., I. M. & S. Ry. Co.* v. *Davis,* 132 Fed. Rep. 629, 639; *City of Dawson* v. *Trust Co.,* 197 U. S. 178; *Hodges* v. *United States,* 203 U. S. 1, 14, 15, 16; *Carter* v. *Greenhow,* 114 U. S. 317; *New Orleans* v. *Benjamin,* 153 U. S. 411, 424.

The amended complaint does not state a cause of action. The acts complained of were done by the defendants as officials, in pursuance of their duty to the State, and well within their lawful powers. *Luther* v. *Borden,* 7 How. 1, 45, 46; 2 Hare, American Constitutional Law, p. 969; *Griffin* v. *Wilcox,* 21 Indiana, 370, 380; *In re Boyle,* 6 Idaho, 609; *Houston* v. *Moore,* 5 Wheat. 1, 54; Sutherland, Notes on the United States Constitution, pp. 202, 458.

The questions sought to be litigated in this case are purely political, and Federal courts are not clothed by the Constitution or laws of the United States with any jurisdiction over such questions. Black on the Constitution, pp. 64, 85, 86; 1 Bryce on American Constitution, p. 262; *Phillips* v. *Hatch,* 1 Dillon, 571; *Keeley* v. *Sanders,* 99 U. S. 441; *In re Moyer,* 35 Colorado, 159.

The Governor of Colorado had power to determine the existence of a state of insurrection in a given locality in the State, and, as an incident thereto, the power to determine what persons within the insurrectionary district are to be treated as aiders or abettors of such insurrection. This has been determined by the Supreme Court of Colorado, and this construction is binding upon the Federal courts. *Dreyer* v. *Illinois,* 187 U. S. 71; *Reetz* v. *Michigan,* 188 U. S. 505; *Murray* v. *Louisiana,*

163 U. S. 101; 1 Kent's Commentaries, p. 283; Story on the Constitution, § 1491.

No invasion of any right under the Federal Constitution is shown. Neither the arrest of plaintiff in error nor the adjudication of the lawfulness thereof by the Supreme Court of Colorado constituted an infringement of any guaranty of the Federal Constitution. *Jacobson* v. *Massachusetts*, 197 U. S. 11; *United States* v. *Ju Toy*, 198 U. S. 253, 263; *Clearing House* v. *Coyne*, 194 U. S. 497; *In re Bergen*, 2 Hughes, 513.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action, brought by the plaintiff in error against the former Governor of the State of Colorado, the former Adjutant General of the National Guard of the same State, and a captain of a company of the National Guard, for an imprisonment of the plaintiff by them while in office. The complaint was dismissed on demurrer, and the case comes here on a certificate that the demurrer was sustained solely on the ground that there was no jurisdiction in the Circuit Court. 148 Fed. Rep. 870.

The complaint alleges that the imprisonment was continued from the morning of March 30, 1904, to the afternoon of June 15, and that the defendants justified under the constitution of Colorado making the Governor commander-in-chief of the state forces, and giving him power to call them out-to-execute laws, suppress insurrection and repel invasion. It alleges that his imprisonment was without probable cause, that no complaint was filed against the plaintiff, and that (in that sense) he was prevented from having access to the courts of the State, although they were open during the whole time; but it sets out proceedings on *habeas corpus*, instituted by him before the Supreme Court of the State, in which that court refused to admit him to bail and ultimately discharged the writ. *In re Moyer*, 35 Colorado, 154 and 159. In those proceedings it appeared that the Governor had declared a county to be in a state of insurrection, had called out troops to put down the trouble, and

had ordered that the plaintiff should be arrested as a leader of the outbreak, and should be detained until he could be discharged with safety, and that then he should be delivered to the civil authorities to be dealt with according to law.

The jurisdiction of the Circuit Court, if it exists, is under Rev. Stat. § 629, Sixteenth. That clause gives original jurisdiction "of all suits authorized by law to be brought by any person to redress the deprivation, under color of any law, statute, ordinance, regulation, custom, or usage of any State, of any right, privilege, or immunity, secured by the Constitution of the United States, or of any right secured by any law providing for equal rights of citizens of the United States, or of all persons within the jurisdiction of the United States." The complaint purports to be founded upon the Constitution and on Rev. Stat. § 1979, which authorizes suit to be brought for such deprivation as above described. Therefore the question whether the complaint states a case upon the merits under § 1979 in this instance is another aspect of the question whether it states a case within the jurisdiction of the court under § 629, cl. 16. Taken either way, the question is whether this is a suit authorized by law, that is, by § 1979, or the Constitution, or both.

The plaintiff's position, stated in a few words, is that the action of the Governor, sanctioned to the extent that it was by the decision of the Supreme Court, was the action of the State and therefore within the Fourteenth Amendment; but that if that action was unconstitutional the Governor got no protection from personal liability for his unconstitutional interference with the plaintiff's rights. It is admitted, as it must be, that the Governor's declaration that a state of insurrection existed is conclusive of that fact. It seems to be admitted also that the arrest alone would not necessarily have given a right to bring this suit. *Luther* v. *Borden,* 7 How. 1, 45, 46. But it is said that a detention for so many days, alleged to be without probable cause, at a time when the courts were open, without an attempt to bring the plaintiff before them, makes a case on which he has a right to have a jury pass.

We shall not consider all of the questions that the facts suggest, but shall confine ourselves to stating what we regard as a sufficient answer to the complaint, without implying that there are not others equally good.  Of course the plaintiff's position is that he has been deprived of his liberty without due process of law.  But it is familiar that what is due process of law depends on circumstances.  It varies with the subject-matter and the necessities of the situation.  Thus summary proceedings suffice for taxes, and executive decisions for exclusion from the country.  *Murray* v. *Hoboken Land & Improvement Co.*, 18 How. 272; *United States* v. *Ju Toy*, 198 U. S. 253, 263.  What, then, are the circumstances of this case?  By agreement the record of the proceedings upon *habeas corpus* was made part of the complaint, but that did not make the averments of the petition for the writ averments of the complaint.  The facts that we are to assume are that a state of insurrection existed and that the Governor, without sufficient reason but in good faith, in the course of putting the insurrection down held the plaintiff until he thought that he safely could release him.

It would seem to be admitted by the plaintiff that he was president of the Western Federation of Miners, and that, whoever was to blame, trouble was apprehended with the members of that organization.  We mention these facts not as material, but simply to put in more definite form the nature of the occasion on which the Governor felt called upon to act.  In such a situation we must assume that he had a right under the state constitution and laws to call out troops, as was held by the Supreme Court of the State.  The constitution is supplemented by an act providing that "when an invasion of or insurrection in the State is made or threatened the Governor shall order the National Guard to repel or suppress the same."  Laws of 1897, c. 63, Art. 7, § 2, p. 204.  That means that he shall make the ordinary use of the soldiers to that end; that he may kill persons who resist and, of course, that he may use the milder measure of seizing the bodies of those whom he considers to stand in the way of restoring peace.  Such arrests are not nec-

essarily for punishment, but are by way of precaution to pre-
vent the exercise of hostile power.  So long as such arrests are
made in good faith and in the honest belief that they are needed
in order to head the insurrection off, the Governor is the final
judge and cannot be subjected to an action after he is out of
office on the ground that he had not reasonable ground for his
belief.  If we suppose a Governor with a very long term of
office, it may be that a case could be imagined in which the
length of the imprisonment would raise a different question.
But there is nothing in the duration of the plaintiff's detention
or in the allegations of the complaint that would warrant sub-
mitting the judgment of the Governor to revision by a jury.
It is not alleged that his judgment was not honest, if that be
material, or that the plaintiff was detained after fears of the
insurrection were at an end.

No doubt there are cases where the expert on the spot may be
called upon to justify his conduct later in court, notwithstand-
ing the fact that he had sole command at the time and acted to
the best of his knowledge.  That is the position of the captain
of a ship.  But even in that case great weight is given to his
determination and the matter is to be judged on the facts as
they appeared then and not merely in the light of the event.
*Lawrence* v. *Minturn,* 17 How. 100 110; *The Star of Hope,* 9
Wall. 203; *The Germanic,* 196 U. S. 589, 594, 595.  When it
comes to a decision by the head of the State upon a matter
involving its life, the ordinary rights of individuals must yield
to what he deems the necessities of the moment.  Public dan-
ger warrants the substitution of executive process for judicial
process.  See *Keely* v. *Sanders,* 99 U. S. 441, 446.  This was ad-
mitted with regard to killing men in the actual clash of arms,
and we think it obvious, although it was disputed, that the same
is true of temporary detention to prevent apprehended harm.
As no one would deny that there was immunity for ordering a
company to fire upon a mob in insurrection, and that a state
law authorizing the Governor to deprive citizens of life under
such circumstances was consistent with the Fourteenth Amend-

ment, we are of opinion that the same is true of a law authorizing by implication what was done in this case. As we have said already, it is unnecessary to consider whether there are other reasons why the Circuit Court was right in its conclusion. It is enough that in our opinion the declaration does not disclose a "suit authorized by law to be brought to redress the deprivation of any right secured by the Constitution of the United States." See *Dow* v. *Johnson*, 100 U. S. 158.

*Judgment affirmed.*

MR. JUSTICE MOODY took no part in the decision of this case.