**ADAMS, Governor of Colorado, et al. v. UNITED STATES ex rel. PALMER et al.**

Circuit Court of Appeals, Eighth Circuit.
November 24, 1928.

No. 8181.

Charles Roach and William O. Perry, both of Denver, Colo. (William L. Boatright and Charles M. White, both of Denver, Colo., on the brief), for appellants.

R. W. Henderson, of Bakersfield, Cal., and Floyd F. Miles, of Denver, Colo. (Carle Whitehead and Albert L. Vogl, both of Denver, Colo., on the brief), for appellees.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and REEVES, District Judge.

VAN VALKENBURGH, Circuit Judge. This case arose out of an industrial conflict between the operators of coal mines and their employees, resulting in a general strike of the coal miners throughout the state of Colorado. The situation was most acute in the counties of Boulder and Weld. An armed clash had occurred in the latter county. The Constitution of the state of Colorado provides that: .

"The supreme executive power of the state shall be vested in the Governor, who shall take care that the laws be faithfully executed." Article 4, § 2, p. 37, Comp. Laws Colo.

"The Governor shall be commander-in-chief of the military forces of the state, except when they shall be called into actual service of the United States. He shall have power to call out the militia to execute the laws, suppress insurrection or repel invasion." Article 4, § 5, p. 38, Comp. Laws Colo. 1921.

Section 218, p. 269, Comp. Laws Colo. 1921, reads:

"When riots, invasion, or insurrection in the state is made or threatened the Governor shall order the National Guard to repel or suppress the same: Provided, that when the emergency is great and time will not permit of communication with the Governor the commanding officer of any portion of the National Guard stationed at the scene of trouble may assemble his command and after taking

steps to notify the Governor in the most speedy manner possible, aid the civil officers in suppressing riots or insurrection, or repelling invasion."

Pursuant to these provisions, and in exercise of the duty and authority therein imposed and conferred, the Governor of Colorado, appellant herein, on the 21st day of November, 1927, issued the following executive order:

"It having been made to appear to me by certain officers and other good and reputable citizens, and I do hereby find that tumult, riot and mob violence are threatened in the counties of Boulder and Weld, in the state of Colorado, and that in said counties there are bodies of men, acting together, by force, and with attempt to commit felonies, and to offer violence to persons and property in said counties, and by force and violence to break and resist the laws of this state, and that the civil authorities thereof are wholly unable to cope with the situation in the preservation and maintenance of order and the laws of the state of Colorado, and I hereby find and declare that a state of insurrection exists in said counties.

"I therefore direct you, Colonel Paul P. Newlon, Adjutant General of the state of Colorado, in pursuance of the power and authority vested in me by the Constitution and laws of this state, to forthwith order out and assume command of such troops as in your judgment may be necessary, and that you use such means as you deem right and proper, acting in conjunction with, or independently of, the civil authorities of said counties, as in your judgment and discretion conditions demand, to maintain peace and good order in said communities and to enforce obedience to the Constitution and laws of Colorado.

"And I now call upon all law-abiding citizens to assist in maintaining order by strict observance of the laws of Colorado and the United States by continuing in the quiet pursuit of their usual vocations and by refraining from participating in assemblages which are, or are likely to become, disorderly, tumultuous or otherwise unlawful.

"All disaffected or evilly disposed persons are warned of the illegality of their conduct, and all necessary force will be used to suppress their unlawful action.

"Every citizen desiring to work for whom or where he pleases shall be protected to the limit in that lawful and laudable desire and all life and property shall be protected and rendered safe within the confine of this state.

"Given under my hand and the executive seal, this twenty-first day of November, A. D. 1927.

"[Signed.]    Wm. H. Adams,
"Governor and Commander-in-Chief.
"[Seal Executive Office, State of Colorado.]"

To this order the following certification is made:

"I do hereby certify that I am private secretary to the Governor of the state of Colorado, and am familiar with the executive records of said office, and that the foregoing is a true and correct copy of an executive order issued by said Governor, under his hand and executive seal, November twenty-first, A. D. 1927, as the same appears in Vol. 29, Executive Records, state of Colorado, at pages 58 and 59 thereof.

"Witness my hand and the executive seal this eleventh day of February, A. D. 1928.

"[Seal Executive Office, State of Colorado.]    B. T. Paxson,
"Private Secretary to the Governor of Colorado."

Pursuant to this order Adjutant General Newlon, appellant herein, proceeded to the counties of Boulder and Weld, in command of a body of the Colorado National Guard, and, believing that the appellees, Frank L. Palmer, W. H. Nesbit, Paul Seidler, and Mike Del Soglio had theretofore been, and, if not detained in custody, would continue to be, active participants in fomenting and keeping alive the condition of insurrection declared to exist, and were prominent among the leaders of the lawless men engaged in said acts of insurrection, caused appellees to be arrested and confined at Greeley, in Weld county aforesaid; this detention to continue only until the existing disorder should be suppressed and public peace and tranquillity should be restored.

February 8, 1928, appellees filed in the District Court for the District of Colorado their petition for a writ of habeas corpus. To this writ appellants filed a return, setting up the facts hereinabove detailed as their authority for the arrest and detention of appellees. Upon hearing, the demurrer filed to this return was sustained, the writ granted, and the petitioners discharged. It is to review this action of the trial court that this appeal is brought.

For reasons hereinafter stated, we shall not proceed to a formal judgment upon the merits. Appellants rely for their authority in the premises upon the Constitution and statute law of the state to which reference has been made. Appellees contend that they have been deprived of their liberty without

due process of law, and were then confined without authority of law. To those desiring to examine the merits of these opposing contentions the following citations will be of interest: Luther v. Borden, 7 How. 1, 40, 46, 12 L. Ed. 581; Martin v. Mott, 12 Wheat. 19, 6 L. Ed. 537; In re Moyer, 35 Colo. 159, 85 P. 190, 12 L. R. A. (N. S.) 979, 117 Am. St. Rep. 189; Moyer v. Peabody (C. C.) 148 F. 870, 874, Id., 212 U. S. 78, 29 S. Ct. 235, 53 L. Ed. 410; In re Boyle, 6 Idaho, 609, 57 P. 706, 45 L. R. A. 832, 96 Am. St. Rep. 286, Id., 178 U. S. 611, 20 S. Ct. 1029, 44 L. Ed. 1215; Wales v. Whitney, 114 U. S. 564, 5 S. Ct. 1050, 29 L. Ed. 277; Keely v. Sanders, 99 U. S. 441, 25 L. Ed. 327; Ex parte Graber (D. C.) 247 F. 882; United States ex rel. McMaster v. Wolters et al. (D. C.) 268 F. 69; United States ex rel. Seymour v. Fisher (D. C.) 280 F. 208. To these citations may be added many more of like import.

It appears from the return of appellants that appellees were not arrested for prosecution, but for the purpose of preventing further participation in fomenting and keeping alive the condition of disorder which the Governor was seeking to suppress, and that it was the purpose of appellants to release appellees as soon as peace and tranquillity should be restored. It was conceded by counsel on both sides in argument before this court that the tumult and violence complained of had long since ceased, and that order again prevailed. Under these circumstances, the case has become moot. Whatever our opinion on the merits might be, any judgment rendered must necessarily result in the discharge of appellants, since it is conceded that the ground for their detention no longer exists.

The Supreme Court, in Mills v. Green, 159 U. S. 651, 653, 16 S. Ct. 132, 133 (40 L. Ed. 293), says: "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal."

This has been the universal practice of that court and generally. 2 Michie's Encyc.

U. S. Sup. Ct. Rep. p. 289; Meyer v. Pritchard (appendix) 131 U. S. ccix, 23 L. Ed. 961; Codlin v. Kohlhausen, 181 U. S. 151, 21 S. Ct. 584, 45 L. Ed. 793; Tennessee v. Condon, 189 U. S. 64, 23 S. Ct. 579, 47 L. Ed. 709; American Book Co. v. Kansas, 193 U. S. 49, 24 S. Ct. 394, 48 L. Ed. 613; Jones v. Montague, 194 U. S. 147, 24 S. Ct. 611, 48 L. Ed. 913; Life Insurance Co. v. Prewitt, 200 U. S. 446, 26 S. Ct. 314, 50 L. Ed. 545; Katz v. City of San Antonio et al. (C. C. A. 5) 91 F. 516.

It results that the appeal will be dismissed, without costs in this court.