Eleanor B. JOHNSON, Plaintiff-
Appellant,

v.

Theodore STONE et al., Defendants-
Appellees.

No. 12522.

United States Court of Appeals
Seventh Circuit.

June 29, 1959.

Eleanor B. Johnson, Chicago, Ill., for appellant.

Theodore Stone, Benjamin Adamowski, Chicago, Ill., for appellee.

Before SCHNACKENBERG, PARKINSON, and KNOCH, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff sought to recover damages, in the U. S. District Court, for injury resulting from allegedly tortious actions of defendants and for violations of the Civil Rights Statutes, 42 U.S.C.A. § 1981 et seq., committed jointly in connection with trial and judgment entered in a suit brought against plaintiff in the Circuit Court of Cook County, Illinois. On appeal the judgment in that case was affirmed in part and reversed in part and the cause remanded with directions by the Appellate Court of Illinois.[1]

Plaintiff charges that counsel for the plaintiffs in the state court proceedings, in the course of the trial thereof, misappropriated exhibits; introduced perjur-

1. Johnson v. Slaboszewski, 11 Ill.App.2d 241, 136 N.E.2d 560. This was an abstract opinion not published in full.

ed, improper, irrelevant and slanderous testimony of witnesses; and made improper, irrelevant, slanderous and untrue statements.

The defendants here include the plaintiffs in the State Court action, their attorneys and witnesses, the conservator and members of the family of the former holder of a note which was involved in plaintiff's counterclaim in that suit, the trial court clerk and bailiff.

Plaintiff describes Counts I and II of her amended complaint filed in the District Court as comprising Common Law claims alleging conspiracy and malice; Counts III and III A as alleging slander by counsel for the plaintiffs in the State court suit; and Counts IV and V, as asserting "civil rights" violations in depriving plaintiff, under color of law, of due process and equal protection of the law in that suit.

The District Court sustained motions to dismiss the amended complaint for failure to state a claim on which relief could be granted. Plaintiff has appealed from that ruling.

■ Jurisdiction as to Counts I, II, III, and IIIa is grounded on diversity of citizenship. In the absence of a federal question, we must be governed by Illinois law with respect to substantive rights.[2] Illinois provides litigants no independent right of action for civil damages based on conduct such as alleged by plaintiff in Counts I and II.[3] The defamatory statements alleged by plaintiff appear, from Counts III and III A of the amended complaint, to have been made in the course of a trial and to have been relevant thereto; they must be construed as privileged.[4] In prosecuting her appeal to the Illinois Appellate Court, plaintiff assigned as error most of the items of misconduct of which she now complains. These received the attention of the Illinois Appellate Court, which reversed and remanded the cause on other grounds. The opinion finds no error in the trial leading to the judgment on the complaint, thus in effect affirming that part of the proceedings below. The reversal is based solely on the failure of the Trial Judge to direct a verdict for plaintiff in the case before us on her counterclaim.

The Court said in its opinion, which is not set out in the abstract published at 11 Ill.App.2d 241, 136 N.E.2d 560:

"Defendant complains that certain remarks and conduct of plaintiffs' attorney and certain remarks and conduct of their witnesses tended to inflame and prejudice the jury against the defendant. We do not find that there was any improper conduct by the attorney for the plaintiffs or the witnesses."

In her Counts IV and V, plaintiff asserts that defendants deprived her of due process of law and of a fair and impartial jury verdict. She also complains that defendants conspired to defeat the due course of justice and to deny her equal protection of the law, equal privileges and immunities under the law and a fair trial and jury verdict. Her factual allegations do not support her conclusory statements. Consideration of the whole record by this Court, as by the District Court, fails to reveal a federal "civil rights" violation. On the contrary, she appears to have received due process in the State Trial Court and to have availed herself, successfully in part, of the right of appeal. The abuses of which plaintiff complains arise out of private rights and rights conferred by State law.[5]

■ In Bottone v. Lindsley, 10 Cir., 1948, 170 F.2d 705, 707, certiorari denied 336 U.S. 944, 69 S.Ct. 810, 93 L.Ed. 1101, the Court said:

"* * * to make out a cause of action under the Civil Rights Statutes, the state court proceedings must have been a complete nullity,

2. Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 28 L.Ed. 1188.

3. Hocker v. Welti, 1926, 239 Ill.App. 392.

4. Dean v. Kirkland, 1939, 301 Ill.App. 495, 23 N.E.2d 180.

5. Miles v. Armstrong, 7 Cir., 1953, 207 F. 2d 284; 42 U.S.C.A. §§ 1983, 1985.

with a purpose to deprive a person of his property without due process of law. To hold otherwise would open the door wide to every aggrieved litigant in a state court proceedings, and set the federal courts up as an arbiter of the correctness of every state decision."

We are constrained to agree with the District Judge that none of the counts in plaintiff's amended complaint states a claim on which relief can be granted.

Affirmed.