## UNITED STATES

v.

**Private (E-1) Joseph T. TUBBS, 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, US Army, Personnel Control Facility, US Army School/Training Center and Fort Gordon, Fort Gordon, Georgia.**

### CM 431640.

U. S. Army Court of Military Review.

Sentence Adjudged 17 April 1974.

Decided 21 April 1976.

Appellate Counsel for the Accused: Stewart P. Davis, Esquire; CPT Sammy S. Knight, JAGC; MAJ Richard J. Goddard, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Lee D. Schinasi, JAGC; CPT William C. Kirk, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald w. Hansen, JAGC.

Before BAILEY, COOK and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

The appellant was tried by a general court-martial and, contrary to his pleas, was convicted of desertion and absence without leave in violation of Articles 85 and 86, Uniform Code of Military Justice (UCMJ) (10 U.S.C. §§ 885 and 886). He received the approved sentence set forth above.

On 19 September 1967 the appellant absented himself without permission from his assigned unit at Fort Bragg, North Carolina. He was apprehended in Florida on 28 November 1973 and assigned to Fort Gordon, Georgia. He was charged with desertion and on 7 February 1974 an Article 39(a) UCMJ, session was held at which appellant was arraigned, but no plea was entered. An adjournment was granted, apparently to facilitate the appearance of civilian defense counsel. During the interim appellant was granted leave from which he was due to return on 23 February 1974 but which he overstayed until 7 March 1974.

Immediately upon his return on 7 March 1974, appellant entered into a pretrial agreement with the convening authority to plead guilty to absence without leave from 19 September 1967 till 28 November 1973 if the convening authority would agree to reduce the charge from a violation of Article 85 to a violation of Article 86. At 1335 hours that same day, a second Article 39(a) session was convened, and in accordance with the aforementioned agreement the specification was amended to delete the references to desertion and the appellant entered his plea of guilty to the residual allegation of AWOL. After the *Care* inquiry,[1] the trial judge accepted appellant's plea and entered a finding of guilty. This concluded the Article 39(a) session. The court members were called, sworn and seated and the trial entered upon the sentencing portion of the court-martial. The appellant took the

1. *United States v. Care* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

stand and in sworn testimony made repeated references to his impression that he had been discharged. The trial judge halted the proceedings and, out of the presence of the members, made an extensive inquiry into appellant's assertions. Apparently, out of a concern that, in order to reestablish the providency of his guilty plea, appellant would have to make retractions in his earlier testimony that would prejudice him in the eyes of the members, the judge withdrew the appellant's plea of guilty, entered a plea of not guilty and declared a mistrial.

Thereafter, an additional charge was preferred alleging an AWOL from 23 February 1974 till 7 March 1974. An Article 32, UCMJ, investigation was conducted as to this additional charge, and on 15 March 1974 a new pretrial advice was sent to the convening authority recommending that the original desertion charge and the additional AWOL charge be referred to trial.

On 4 and 17 April 1974 a second trial was held, without defense objection, whereat the appellant was, contrary to his pleas found guilty and sentenced as noted above.

■ The first error asserted by appellant on this appeal is that his second trial violated the double jeopardy provisions of the Fifth Amendment to the United States Constitution.[2] The short and we feel conclusive answer to this claim, is that appellant waived his right to raise this error on appeal by not asserting it at trial. Paragraph 67a, Manual for Courts-Martial, United States, 1969 (Revised edition) reads:

"MOTIONS RAISING DEFENSES AND OBJECTIONS. a. Defenses and objections which may be raised. Defenses and objections such as that trial is barred by the statute of limitations, *former jeopardy*, pardon, constructive condonation of desertion, former punishment, promised immunity, lack of jurisdiction, and failure of the charges to allege an offense should ordinarily be asserted by motion to dismiss before a plea is entered; but failure to assert them at that time does not constitute a waiver of the defense or objection. Unless otherwise stated, *failure to assert any such defense or objection*—except lack of jurisdiction or failure of the charges to allege an offense—*before the conclusion of the hearing of the case constitutes a waiver.*"[3] (Emphasis added).

■ Assuming arguendo that the waiver principle is not dispositive of this alleged error, we would arrive at the same result under any of the other criteria heretofore used by the United States Court of Military Appeals when considering the issue of former jeopardy on the merits.[4] Consequently, this Court holds that the appellant's second trial does not represent a violation of the double jeopardy provision of either the Fifth Amendment or of the UCMJ.

In addition to the double jeopardy error, appellant also alleges that appellant's due process rights were violated because he was charged at his second trial for the short AWOL that had been uncharged at his earlier trial and his extended absence was tried

---

**2.** "Nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." Article 44(a), UCMJ reads, "No person may, without his consent, be tried a second time for the same offense."

**3.** *United States v. Kreitzer*, 2 U.S.C.M.A. 284, 8 C.M.R. 84 (1953); *United States v. Schilling*, 7 U.S.C.M.A. 482, 22 C.M.R. 272 (1957); *United States v. Cart*, 36 C.M.R. 858 (A.F.B.R. 1966), *pet. denied*, 36 C.M.R. 541 (1966); *see United States v. Troglin*, 21 U.S.C.M.A. 183, 44 C.M.R. 237 (1972) wherein the United States Court of Military Appeals reaffirmed the waiver doctrine, but refused to apply it where such waiver was made pursuant to a pretrial arrangement entered into between opposing counsel without the knowledge or consent of the defendant. *Also see United States v. Florczak*, 49 C.M.R. 786 (A.C.M.R. 1975) wherein the Court of Review refused to apply waiver in a situation where no formal motion for dismissal on grounds of former jeopardy was made, but appellant had defended on basis he had been previously tried for the same offense.

**4.** *See United States v. Richardson*, 21 U.S.C.M.A. 54, 44 C.M.R. 108 (1971); *United States v. Waldron*, 15 U.S.C.M.A. 628, 36 C.M.R. 126 (1966); *United States v. Ivory*, 9 U.S.C.M.A. 516, 26 C.M.R. 296 (1958).

as a desertion rather than as a simple AWOL.

The government's amendment of the charges at the beginning of the initial trial to reduce the charge of desertion to AWOL were the direct and proximate act of complying with the pretrial agreement. The parties had explicitly provided in that same agreement that its terms would be cancelled in the event the accused's plea was changed by *anyone* during the trial "from guilty to not guilty." As this is precisely what the trial judge did in conjunction with his declaration of a mistrial, the terms of the pretrial agreement were voided. Appellant can hardly be heard to complain when he is held to the terms of an agreement initiated by him. As there was no longer any inducement for the government to try the appellant on a reduced charge, it was free to return the charge to the posture it was in prior to the aborted agreement. Additionally, as long as the government complied with the provisions of Article 32, UCMJ and Article 34(a), UCMJ, there is no legal or logical reason, in the facts of this case, why an additional criminal act cannot be tried along with the original charge.[5] The alternative solutions are to hold yet a third trial on the additional delict or no trial at all. Both options are unsatisfactory. The Court finds that the appellant's due process rights [6] were not violated because he was tried for more serious offenses at his second trial than he was at his first.

The remaining assignments of error have been considered and are either deemed to be without merit or mooted by our action herein.

The findings of guilty are affirmed. On the basis of the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for one year, and forfeiture of all pay and allowances.

---

**UNITED STATES**

---

5. Paragraph 92a, MCM 1969 (Rev) would appear to authorize trial of additional charges.

6. "What is due process of law depends on circumstances. It varies with the subject matter and the necessities of the situation." *Moyer v. Peabody*, 212 U.S. 78, 84, 29 S.Ct. 235, 236, 53 L.Ed. 410 (1908).