FIALUPE TAFAOA, Petitioner,
v.
FALEFUAFUA TAFAOA, Respondent.

High Court of American Samoa
Trial Division

DR No. 55-82

December 16, 1982

GARDNER, Chief Justice.

Petitioner and Respondent are residents of American Samoa. Petitioner has set forth a cause of action for divorce. She asks for an award of property, custody of children, alimony, child support and attorney fees. Since jurisdiction over the subject matter is obvious we have previously awarded petitioner a divorce, custody of the children and all property acquired during the marriage. However, we decline to make an award of alimony, child support or attorney fees. These items fall into the in personam category and this court doesn't have in personam jurisdiction over

the respondent.

In this respect respondent has not made a appearance nor has he been personally served with process within the jurisdiction of the court. Instead, there has been substituted service by publication in a newspaper plus posting on the courthouse steps based on the allegation that respondent is not within the territory. This procedure fails to give respondent the type of notice which satisfies constitutional guarantees of due process. We start our brief discussion with some fundamental precepts plus a truism.

The fundamental precepts are that while due process may be an "elusive concept," (Moyer v. Peabody, 212 U.S. 78) a fundamental requisite is the opportunity to be heard (Golden v. Kelly, 399 U.S. 254) and this, of necessity, includes adequate notice because without notice there is no opportunity to be heard (Mullane v. Central Hanover B&T Co. 339 U.S. 306).

The truism is that legal publication, standing by itself, is meaningless. It is a legal fiction which is as phoney as a nine dollar bill. The possibility that this respondent, "believed to be somewhere in the United States," might see this notice buried in the Samoa News is so remote as to be non-existant. As Justice Jackson said, with his usual tongue-in-cheek under-statement in Mullane, "Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper, and if he makes his home outside the area of the newspaper's normal circulation the odds that the information will never reach him are large indeed".

The seminal case on the service of process on a defendant in a civil action in which a personal judgment is to be rendered is, of course, Pennoyer v. Neff, 95 U.S. 714, which held that a personal judgment based on constructive or substituted service of process is contrary to due process of law. Thus, the leading case of De La Montanya v. De La Montanya, 112 C 101, 44 Pac 345, held that an alimony award could only be made after personal service on the husband within the jurisdiction. So too, an award of child support is a judgment in personam and can be validly rendered only after personal service within the jurisdiction (Sharon v. Middleman, 146 CA (2) 199, 303 Pac (2) 906).

Substituted service is considered exceptional and is justifiable only under special cir cumstances. Thus, domicile plus personal service out of the state has been held to be sufficient (Milliken v. Meyer, 311 U.S. 457). When a defendant conceals himself, publication may meet the requirements of due process (See Restatement, Conflict of Laws 2nd, p.25, comment d). So too, published notice to multiple beneficiaries of a trust who could not with due diligence be found in the state was found adequate in Mullane, supra. The discussions of "doing business" in the state "causing an effect in the state" or "establishing minimum contacts" in the state to the extent that requiring a defendant to appear in the forum state does not offend "traditional notions of fair play and substantial justice" (International Shoe Co. v. Washington, 326 U.S. 310) merely begs the question. The issue here is simple: Did the defendant receive notice? He did not. Therefore, this court has no jurisdiction over the person of the defendant and is powerless to render a personal judgment against him for alimony, child support or attorneys fees. (Estin v. Estin, 334 U.S. 541; Vanderbilt v. Vanderbilt, 354 U.S. 551[1]).

---

1. It is noteworthy that in Vanderbilt, the most recent Supreme Court case wrestling with Full Faith and Credit problems arising from domestic

The court will, however, reserve jurisdiction over these matters until such time as respondent may come within the jurisdiction of the court. In the meantime petitioner may wish to avail herself of the benefits of the Uniform Reciprocal Enforcement of Support Law.

---

relations litigation, Pennoyer was cited as authority for the proposition that the Nevada court had no jurisdiction over the wife who was not served in Nevada. Pennoyer may be attenuated but it is still vital.