George M. KAUFMAN, et al., Appellants,

v.

S AND C CORPORATION, Appellee.

Civ. A. No. H–93–1315.

United States District Court, S.D. Texas, Houston Division.

Aug. 12, 1994.

---

Thomas E. Cabaniss, Norfolk, VA, for appellants.

Gary Miller, Houston, TX, for appellee.

OPINION ON JUDGMENT

HUGHES, District Judge.

### 1. Introduction.

George Kaufman and Galleria West Hotel Group, who hold a second lien on a hotel in bankruptcy, object to an incentive fee claimed by Guest Quarters Hotels Limited Partnership, the manager. The bankruptcy court allowed the payment. Because Kaufman and Galleria West received the process that they were due and because the bankruptcy court was correct in relying on the terms of the management agreement, the judgment will be affirmed.

### 2. Background.

S & C Corporation's main asset was the Galleria West Guest Quarters hotel. Mass-Mutual was the first lien-holder, and its plan to reorganize S & C was approved by the bankruptcy court and affirmed by this court. Throughout the bankruptcy, Guest Quarters continued to manage the hotel under an agreement. While that agreement, as an executory contract, was rejected by S & C on October 6, 1992, under the terms of the plan, the effective date of the rejection was not until the end of the year, when the hotel was transferred to MassMutual.

Under the agreement, Guest Quarters could earn an incentive fee for 1992 by achieving operating results better than the contractually-specified level. The incentive fee equaled twenty percent of gross operating profit exceeding $3,300,000. For fiscal year 1992, the fee was $212,417. Guest Quarters applied for payment of the bonus as an administrative expense. *See* 11 U.S.C. § 503(b)(1)(A).

The bankruptcy court approved the application over the objection of Kaufman and Galleria West.

3. *Due Process versus Oral Argument.*

■ The claimant filed its application. The affected parties were notified. The second-lien creditors filed an opposition. The bankruptcy court approved the payment, overruling the second-lien creditor's objections. Because the bankruptcy court allowed no oral argument, Kaufman and Galleria West assert that it fell into error, depriving them of their right to a "hearing."

Kaufman and Galleria West proffer no material fact that was in bona fide dispute about which they had requested an opportunity to make a record before the court. The omission of a hearing turns entirely on the absence of oral argument by counsel.

■ Generally, the bankruptcy court can act only "after notice and a hearing." 11 U.S.C. § 503(b)(1)(A). The bankruptcy code defines that phrase to mean "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Bad draftsmanship aside, that description is reasonably clear. Indeed, it largely echoes Justice Jackson's observation that one is entitled to "adjudication preceded by notice and opportunity for hearing appropriate to the nature of the case." This requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 314, 70 S.Ct. 652, 656–57, 657, 94 L.Ed. 865 (1950). With his usual

utilitarian focus, Justice Holmes simply said that "what is due process depends on circumstances." *Moyer v. Peabody,* 212 U.S. 78, 84, 29 S.Ct. 235, 236, 53 L.Ed. 410 (1909). A fundamental requirement of due process is "the opportunity to be heard. . . . It is an opportunity which must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965) (Potter Stewart, J.).

Kaufman and Galleria West have not suggested an inherent ineffectiveness in submitting the opposing positions to the court by their papers. No peculiarity of this case suggests oral argument is necessary for a just adjudication.

Oral argument is not ordinarily an element of effective presentation of a petition or objection. By example, the Court of Appeals for the Fifth Circuit hears oral argument in only about 30% of its cases. On the other hand, the Supreme Court hears thousands of applications for writs of certiorari without ever allowing oral argument.

Because trial judges have limited time, practices must be developed to help them manage the demands for judicial attention. Although lawyers often wish out loud for some absolute uniformity in the techniques used by judges, on reflection they would be no happier with the result of a rigid system designed to the lowest common denominator of judge. Instead, the discretion of a trial judge is allowed to roam broadly in search of practices within the rules that are reasonably adapted to her style of thought, types of case, volume of cases, and other abilities and limitations. From this variety we get inconsistencies, but with them we get innovations that can be adopted by others and an average productivity far above any rigid system.

■ In this context, bankruptcy judges have the discretion whether to allow oral argument. Bankruptcy judges need the opportunity to adapt their case management practices to the realities of their dockets. *See, e.g., North American Printing Ink Co. v. Regensteiner Printing Co.,* 140 B.R. 474 (N.D.Ill.1992).

In this appeal, the parties have had a hearing. The simple act of the court's reading their objections and briefs constitutes a hearing. What they have not had is oral argument. Judges must retain the discretion to manage their dockets. Absent a congressional mandate through the bankruptcy code for oral argument, the requirement of a hearing is met by allowing the parties to file their briefs.

"A system of procedure is perverted from its proper function when it multiplies impediments to justice without the warrant of clear necessity." *Reed v. Allen*, 286 U.S. 191, 209, 52 S.Ct. 532, 537, 76 L.Ed. 1054 (1932) (Cardozo, J., dissenting). The absence of oral argument on these objections is not procedural irregularity; instead, the demand before the trial court and the point on appeal are war by attrition by the appellants.

### 4. *Timeliness.*

The record shows that the objection was filed within 20 days of the amended application; therefore, the objection was timely.

### 5. *The Propriety of Payment of the Incentive Fee.*

 Kaufman argues that because the management agreement was rejected by MassMutual in its plan of reorganization, it is deemed breached by the debtor as of April 1, 1991. Thus instead of relying on the agreement to pay the earned incentive fee, the debtor only had to pay reasonable value for services rendered. *See Matter of Braniff Airways, Inc.*, 783 F.2d 1283, 1285 (5th Cir. 1986). Since the debtor did not present any evidence of the reasonableness of the incentive fee, rather it relied on the existence of the management agreement, Kaufman says that the payment cannot be approved.

What is puzzling is Kaufman's selection of April 1, 1991, as the date. The affirmed plan of reorganization was filed on April 15, 1992. The plan specifically stated that executory contracts not assumed were deemed to have been rejected on the effective date of the plan. That date was October 6, 1992, in the plan, and the end of the year in actuality, when the hotel was turned over. The only mention of April 1, 1991, in the plan of reorganization is its use as the record date for purposes for determining holders of allowed claims and interests. That has nothing to do with when the agreement is deemed rejected. It is clear to the court that the agreement was in effect for all of 1992.

Thus the terms of the agreement are entitled to treatment as an administrative expense where those terms serve to preserve and protect the estate. *See Isaac v. Temex Energy, Inc. (In re Amarex, Inc.)*, 853 F.2d 1526, 1530 n. 4 (10th Cir.1988). It is undisputed that Guest Quarters operated the hotel through December 1992. It was entitled to payment.

### 6. *Conclusion.*

The merits of the dispute illustrate the necessity of sustaining a court's ability to manage its docket. Kaufman has received all the hearing that he is due in this case. The judgment of the bankruptcy court will be affirmed.

#### FINAL JUDGMENT

1. Kaufman and Galleria West's motion for oral argument is denied. (# 3)

2. The judgment of the bankruptcy court is affirmed.