**BRADFORD TOWNSHIP et al.,
Plaintiffs-Appellants,**

v.

**ILLINOIS STATE TOLL HIGHWAY
AUTHORITY et al., Defendants-
Appellees.**

No. 71–1488.

United States Court of Appeals,
Seventh Circuit.

Argued April 20, 1972.

Decided June 22, 1972.

David Lincoln Ader, Chicago, Ill., for
plaintiffs-appellants.

Frank S. Righeimer, Jr., Chicago, Ill.,
Walter K. Pyle, Asst. Atty. Gen., Oak-

brook, Ill., William J. Scott, Atty. Gen., Chicago, Ill, John R. Lavery, Asst. Atty. Gen., for defendants-appellees; Patrick J. Agnew, Chicago, Ill., of counsel.

Before SWYGERT, Chief Judge, PELL, Circuit Judge, and JUERGENS,* District Judge.

JUERGENS, District Judge.

This is an appeal from an order of the United States District Court for the Northern District of Illinois, Eastern Division, dismissing plaintiffs' complaint for failure to state a cause of action.

This action is to enjoin the defendants, the Illinois State Toll Highway Authority, from constructing the proposed extension to the East-West Toll Highway from Aurora, Illinois, to Rock Falls, Illinois.

Plaintiffs allege that the extension of the highway will greatly damage the environment in that it will cause the closing of many roads and limit access to various social and emergency services, cause pollution of the air by virtue of gas exhaustion, disruption of vital water drainage systems and patterns, and will destroy important acreage along the route it traverses, which land is exceptionally prolific farm property, very high in quality for farming purposes because of its fertility and its drought resistance.

It is alleged that the lands were previously swamp lands, which have been drained through the use of tile, and that the proposed construction of the tollway makes no provision for maintaining the drainage facilities.

Jurisdiction is alleged to exist under the provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 and § 4331; the Environmental Quality Improvement Act, 42 U.S.C. § 4371; Meeting of Public Agencies Act, Chapter 102 Ill.Rev.Stat. § 42; the Civil Rights Act, Title 42 U.S.C. § 1983.

Section 4321 declares the purpose by stating:

"Sec. 2. The purposes of this Act are: To declare a national policy which will encourage productive and enjoyable harmony between man and his environment; to promote efforts which will prevent or eliminate damage to the environment and biosphere and stimulate the health and welfare of man; to enrich the understanding of the ecological systems and natural resources important to the Nation; and to establish a Council on Environmental Quality."

Section 4331 is in pertinent parts as follows:

"(a) The Congress, recognizing the profound impact of man's activity on the interrelations of all components of the natural environment, particularly the profound influences of population growth, high-density urbanization, industrial expansion, resource exploitation, and new and expanding technological advances and recognizing further the critical importance of restoring and maintaining environmental quality to the overall welfare and development of man, declares that it is the continuing policy of the Federal Government, in cooperation with State and local governments, and other concerned public and private organizations, to use all practicable means and measures, including financial and technical assistance, in a manner calculated to foster and promote the general welfare, to create and maintain conditions under which man and nature can exist in productive harmony, and fulfill the social, economic, and other requirements of present and future generations of Americans.

"(b) In order to carry out the policy set forth in this Act, it is the continuing responsibility of the Federal Government to use all practicable means, consistent with other essential considerations of national policy, to im-

---

* Chief District Judge William G. Juergens of the Eastern District of Illinois is sitting by designation.

prove and coordinate Federal plans, functions, programs, and resources * * *."

The Environmental Quality Improvement Act, 42 U.S.C. § 4371, provides:

"§ 4371. Congressional findings, declarations, and purposes.

(a) The Congress finds—

(1) that man has caused changes in the environment;

(2) that many of these changes may affect the relationship between man and his environment; and

(3) that population increases and urban concentration contribute directly to pollution and degradation of our environment.

(b) (1) The Congress declares that there is a national policy for the environment which provides for the enhancement of environmental quality. * * *

(2) The primary responsibility for implementing this policy rests with State and local governments."

Plaintiffs-appellants argue that the district court dismissed the cause for lack of jurisdiction without any consideration of the various federal claims alleged. The district court's opinion elicits that it took jurisdiction because a federal cause of action was alleged in the complaint. The court, after considering the claims alleged, dismissed the complaint for lack of jurisdiction over the subject matter.

The question of whether or not the National Environmental Policy Act (NEPA) creates a substantive right was dealt with in Environmental Defense Fund v. Corps of Engineers of the United States Army, 325 F.Supp. 749, which held that NEPA was merely a statement of policy and created no substantive rights giving a right to the enjoining of a dam project in that area. The court further held that the plaintiffs were relegated to the procedural requirements under § 102 of NEPA which required the governmental agency to file a "detailed impact" statement.

In McQueary v. Laird, 449 F.2d 608 (10 Cir. 1971), various residents of Colorado sought to enjoin the storing of chemicals and biological warfare agents at Rocky Mountain Arsenal. The court held NEPA does not create substantive rights in the plaintiffs to raise the environmental challenge in the Rocky Mountain Arsenal.

Federal Agencies are clearly charged with certain procedural requirements under NEPA and failure to comply therewith is basis for an injunction. One of the requirements is that an impact statement must be filed showing the impact on the environment by virtue of the proposed agency action.

■ Judicial relief is available to correct failure on the part of a federal agency to follow the procedural requirement under NEPA.

■ A question somewhat comparable to that presented here was presented to the Supreme Court in San Antonio Conservation Society of Texas v. Texas Highway Department, 400 U.S. 968, 91 S.Ct. 368, 27 L.Ed.2d 388. This case involved the construction of a federally funded highway through a San Antonio, Texas park. The court originally granted a stay, later dissolved the stay and denied certiorari. Justice Douglas ·dissented, arguing that major federal action was involved and federal jurisdiction existed because an environmental impact statement had not been prepared by the U. S. Department of Transportation. Thus, in the factual situation presented here, it would appear that even Justice Douglas would hold that the Act is not applicable, since we are here dealing with independent state or local governmental actions.

The Environmental Quality Improvement Act (EQIA), 42 U.S.C. § 4371, is clearly limited in its application to agencies of the federal government. The Act provides, inter alia, that each federal department and agency conducting or supporting public work activities, which affect the environment, shall implement the policies established under existing

**540**

law. The Act authorized an Office of Environmental Quality which was to provide provisional and administrative staff for the Counsel on Environmental Quality. Nowhere does the Act purport to give a cause of action against state agencies or officers as plaintiffs contend.

There is no claim that the federal government or any federal agency is engaged in any manner in the construction of the tollway extension. Nor is it alleged that any federal funds are to be used. Since the procedural requirements of the National Environmental Policy Act are applicable only to federal agencies, it is patently clear that these requirements have no pertinence to the facts of this case. Other than the procedural requirements just mentioned, no judicially enforceable duties are created by either the National Environmental Policy Act or the Environmental Quality Improvement Act. The declarations of a national environmental policy and a statement of purpose appearing in these acts are not sufficient to establish substantive rights. For these reasons, the plaintiffs have asserted no cognizable federal rights under these statutes.

Plaintiffs-appellants allege that no public hearings were held as required by the Illinois Meetings of Public Agencies Act. Suffice it to say that this is a state statute and, if valid, might provide a cause of action in the state courts. It does not give rise to a cause of action *cognizable by a federal court, nor does a* failure to follow the requirements of the Act constitute a violation of a federally protected constitutional right. See Green Street Association v. Daley, 373 F.2d 1 (1967).

The allegations of the complaint are totally insufficient to state a cause of action under the Civil Rights Act.

The District Court properly dismissed the complaint for failure to state a claim upon which relief could be granted.

The order of the District Court, dismissing the complaint, is affirmed.

Affirmed.