Thomond O'BRIEN et al., Plaintiffs,

v.

Claude BRINEGAR, Secretary of Transportation of the United States, et al., Defendants,

and

St. Paul Area Chamber of Commerce, Intervenor.

No. 3–74–Civ–164.

United States District Court, D. Minnesota, Third Division.

Aug. 5, 1974.

Charles K. Dayton, Minneapolis, Minn., for plaintiffs.

Robert G. Renner, U. S. Atty., Thorwald H. Anderson, Jr., Asst. U. S. Atty., Minneapolis, Minn., for Claude Brinegar, Gerald D. Love and E. Dean Carlson.

Eric B. Schultz, St. Paul, Minn., for Ray Lappegaard and William C. Merritt.

Jack Sjoholm, Jr., Neil M. Meyer, St. Paul, Minn., for Edward N. Helfeld and Housing & Redevelopment Authority.

Kenneth P. Griswold, St. Paul, Minn., for intervenor.

Patrick Farrell, South St. Paul, Minn., for A. Kamish & Sons.

Pierre Regnier, Deputy City Atty., St. Paul, Minn., for City of St. Paul.

## MEMORANDUM AND ORDER DENYING TEMPORARY INJUNCTION

DEVITT, Chief Judge.

Plaintiffs claim the old Masonic Temple Building at Sixth and Smith in St. Paul is an architecturally unique structure of historical importance and should be preserved for use by the performing arts and seek here to halt its demolition. Plaintiffs' application for a temporary injunction was argued to the court July 22, 1974. Affidavits have been filed and briefs lodged.

■ Plaintiffs assert federal jurisdiction under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321; but that act, requiring the filing of an "impact statement" showing the impact on the environment of proposed federal agency action, does not apply to state or local government action as here. Major federal action is required. Bradford Township v. Illinois Toll Highway Authority, 463 F.2d 537 (7th Cir. 1972); Miltenberger v. Chesapeake and Ohio Railway, 450 F.2d 971 (4th Cir. 1971). It is clear from the sworn statements of Donald Cosgrove and E. Dean Carlson, and not disputed, that all monies expended for acquisition of the Masonic Temple Building are local urban renewal bond funds, not federal funds. No agency of the federal government has sought to exercise, or has exercised, any authority in connection with the acquisition or demolition of the building. Absent jurisdiction under NEPA, the court is without authority to grant the requested relief, even if merited.

It is also doubtful if these plaintiffs have standing to bring the action under the Supreme Court decision in Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972) which applies an "injury in fact" test to plaintiffs' claimed interest in litigation and holds that "a mere 'interest in a problem'" as a citizen is not enough to support standing.

■ But even if the issues of jurisdiction and standing were viewed in plaintiffs' favor, a strong case for application of the "Doctrine of Laches" is present. Plaintiffs have been dilatory in seeking relief to the prejudice of the City of St. Paul and its Housing and Redevelopment Authority which have expended substantial sums of money and are well along in carrying out extensive plans for realignment of the city streets in the area of which the proposed demolition is a part. Numerous public hearings, starting in 1971, were held on the proposed street realignment and demolition of the Masonic Temple Building. Plaintiffs should have acted then, not now when the building is already stripped and partially demolished. A knowledgable real estate appraiser, who is a director of the Masonic Temple Association, former owner of the building, says the building is "beyond the point of economic restoration" (Mitchell affidavit, July 24, 1974).

It is also significant that three experienced St. Paul architects (Milton Bergstedt, Brooks Cavin and George Rafferty), acting as a committee of the Minnesota Society of Architects by appointment of its president, viewed the building on July 15, 1974 and unanimously concluded that the building does not have "significant architectural merit warranting its preservation."

Plaintiffs may be advised to make their case directly to officials of the City of St. Paul and its Housing and Redevelopment Authority and alternately or successively to the state courts which have jurisdiction to enforce provisions of the new Minnesota Environmental Policy Act and Minnesota Environmental Rights Act. It is quite clear that NEPA

does not apply and the federal court is without jurisdiction.

The Temporary Restraining Order is vacated and the Motion for Temporary Injunction is

Denied.