**Joseph H. CROCKER,**
**Plaintiff-Appellant,**

v.

**Charles HAKES, etc., et al.,**
**Defendants-Appellees.**

**No. 79-3097**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

May 2, 1980.

\* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Marshall M. Bandy, Jr., Ringgold, Ga., for plaintiff-appellant.

Frank M. Gleason, Rossville, Ga., Michael H. Schroder, Atlanta, Ga., for defendants-appellees.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

In this civil rights action the district court granted the appellees' motion for summary judgment on the ground that no constitutional rights had been abridged. We affirm.

On May 31, 1976 appellee Hakes, building inspector for the city of Rossville, Georgia, issued a building permit to Kenny LeCroy, Crocker's next-door neighbor, allowing Le-Croy to convert a tool shed located at the back of his property into a small apartment. Appellant Crocker requested a hearing before the city council to contest the issuing of the permit, and on June 17, 1976 the council met and considered the appeal. After consulting with the city attorney as to the legality of the permit, the council unanimously voted to uphold the inspector's action.

The appellant then filed an action in state court seeking a writ of mandamus that the city create a Board of Zoning Appeals. The council created such a board on March 4, 1977. The newly created board upheld Crocker's appeal to it on the ground that the issuance of the permit was a violation of Rossville's zoning ordinance. At the August 8, 1977 meeting, the council, on advice of the city attorney that enforcement of the Zoning Board's decision was discretionary, voted not to disturb the earlier issuance of the permit. The vote was premised at least in part upon the right of Crocker to seek relief in state court pursuant to Ga.Code Ann. § 69–1212. This statute lists remedies that the council *may* take when a zoning ordinance is violated, and further permits a person in appellant's position to bring his own action in state court.

In this action the appellant contends that his civil rights were violated by the council's agreeing to hear his first appeal from the issuance of the permit and by its failure to enforce the decision of the Zoning Board. After extensive pleadings, both parties moved for summary judgment. The district court granted the appellees' motion for summary judgment ruling that the appellant had not demonstrated that the city officials had deprived him of any right, privilege or immunity secured by the Constitution.

Although Crocker claimed violations under 42 U.S.C. §§ 1982, 1983, 1985 and 1986,[1]

on appeal he contends only that the court erred in regard to his § 1983 action. We disagree.

Regarding his § 1983 claim, the appellant urges that he was deprived of his property without due process of law when the council refused to enforce the Zoning Board's decision. It is apparent that Crocker was afforded due process and is continuing to receive due process. The appellant was granted a hearing before the city council, and as a result of his petition in state court, he received a hearing before the Board of Zoning Appeals. He continued to have the right to seek relief in state court for further review and enforcement. We are not contending that Crocker must exhaust his claim, but rather there already exists a state-created avenue for review that does satisfy due process. *See Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).[2]

Crocker further contends that the act of the council in hearing his initial appeal was a violation of his constitutional rights because the hearing was legally a nullity. Apparently, the appellant argues that by subjecting him to a legal proceeding without due process, the appellees have violated § 1983. *See Johnson v. Stone*, 268 F.2d 803 (7th Cir. 1959). There is no evidence that the council heard Crocker's appeal with the purpose of depriving him of property. Indeed, Crocker instigated the

1. The district court disposed of the §§ 1982, 1985 and 1986 claims on the ground that Crocker failed to allege any racial or class-based discrimination. *See Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Jones v. Mayer Company*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968).

2. In *Mathews* the Court announced three factors for use in determining whether a state procedure satisfies due process:

> first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335, 96 S.Ct. at 903. Because the private interest at issue here, integrity of a zoning plan involving another's property is not great, the risk of error is slight because of the right to state court enforcement and the council's interest in quick and efficient determination of zoning, the procedure involved here satisfies due process.

To whatever extent appellant is complaining that the council did not have discretion whether to enforce the determination of the zoning board of appeals, such a claim is not of constitutional proportions. The violation of a state statute does not automatically give rise to a violation of rights secured by the Constitution. *See Bradford Tup. v. Illinois State Toll Highway Authority*, 463 F.2d 537 (7th Cir. 1972), cert. denied, 409 U.S. 1047, 93 S.Ct. 518, 34 L.Ed.2d 499.

hearing. Mere mutual mistakes of state law do not rise to the level of constitutional violations, and deprivation of a right secured by the Constitution and laws of the United States is a prerequisite to a § 1983 action. *See Martinez v. California,* ── U.S. ──, ── n. 9, 100 S.Ct. 553, 558 n. 9, 62 L.Ed.2d 481, 488 n. 9 (1980); *Baker v. McCollan,* 443 U.S. 137, 139, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433, 439 (1979).

 Crocker challenges the constitutionality of Ga.Code Ann. § 69–1212, arguing that it impermissibly grants the council discretion in the enforcement of zoning regulations. The Constitution does not require that zoning enforcement powers granted to municipalities be exercised in a mandatory rather than a discretionary manner. Nor does the possibility that Crocker will have to bring his own state court enforcement action violate his constitutional rights. The challenged statute is reasonable, not arbitrary or capricious, in its approach to the enforcement of zoning regulations. *See Stansberry v. Holmes,* 613 F.2d 1285, 1288–1289 (5th Cir. 1980); *Pope v. City of Atlanta,* 418 F.Supp. 665, 668–69 (N.D.Ga.1976), *aff'd mem.,* 575 F.2d 298 (5th Cir. 1978).

AFFIRMED.