**Mary Ann BOSSETTA–GOODMAN, Roy Currie, Joyce Ludwig, D.J. Boushie, Larry Keith, L.R. Clary**

v.

**DATACOM SYSTEMS CORPORATION, The City of New Orleans.**

Civ. A. No. 86–0534.

United States District Court, E.D. Louisiana.

Sept. 30, 1986.

Earl A. Maxwell, New Orleans, La., for plaintiffs.

Galen S. Brown, Barham & Churchill, New Orleans, La., for Datacom Systems Corp.

Thomas W. Milliner, Deputy City Atty., New Orleans, La., for City of New Orleans.

## ORDER & REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court upon defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. There is also pending before the Court plaintiffs' motion for class certification. Having considered the submissions of the parties and the applicable law, the Court rules as follows:

Acting on their own behalf and on behalf of a class of similarly situated individuals and businesses, plaintiffs seek declaratory and monetary relief due to defendants' alleged deprivation of plaintiffs' civil rights in violation of the Civil Rights Act, 42 U.S.C.A. § 1983. Defendants are the City of New Orleans, a political subdivision of the State of Louisiana, and Datacom Systems Corp., a private corporation under contract with the City to provide data processing and related services in connection with the City's parking management program. Specifically, plaintiffs allege defendants have prosecuted them in the New Orleans Traffic Court without complying with Article 382 of the Louisiana Code of Criminal Procedure, stating "A prosecution for violation of an ordinance shall be instituted by affidavit." Thus, plaintiffs contend the prosecutions without affidavits constitute violations of the due process clause of the Fourteenth Amendment of the United States Constitution, giving rise to liability under section 1983 the Civil Rights Act.

Section 1983 provides in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities *secured by the Constitution and laws,* shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983 (emphasis supplied). The Fourteenth Amendment provides in pertinent part, "No state shall ... deprive any person of life, liberty, or property without due process of law."

The focal issue before this Court is whether denial of the state created right to an affidavit constitutes a violation of the due process clause.[1] Plaintiffs contend that once a state has instituted a procedural safeguard in favor of its citizens, no one acting on behalf of the state may deny citizens their state created right to the procedural safeguard. Thus, plaintiffs do not contend that the Fourteenth Amendment itself requires a sworn affidavit prior to prosecution for parking offenses.[2] Rather, plaintiffs contend the denial of a state created right constitutes the violation of the Fourteenth Amendment. By contrast, defendants contend that plaintiffs' rights to prosecution by affidavit are not secured by the federal Constitution such that plaintiffs may have redress under the Civil Rights Act. Defendants further assert the right to prosecution by affidavit is a state statutory right for which there is adequate protection through state procedural safeguards.

In resolving contentions raised by a motion to dismiss under Rule 12(b)(6), the Court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir.1985). The allegations of the complaint must be construed favorably to the plaintiffs. *See De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.1978), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). Moreover, for purposes of deciding whether plaintiffs' complaint states a claim, this Court must accept as true the allegations of plaintiffs' complaint.

Assuming therefore that plaintiffs will establish an illegal failure to institute prosecutions for violations of parking ordinances in affidavit form, this Court must decide whether the imposition of fines and other proceedings against the plaintiffs deprived plaintiffs of rights secured by the federal Constitution and federal laws. *See Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979); *Bradt v. Smith,* 634 F.2d 796, 799 (5th Cir.), *cert. denied,* 454 U.S. 830, 102 S.Ct. 125, 70 L.Ed.2d 106 (1981). This issue must be evaluated both in terms of whether the assumed state law violations reflect denials of substantive due process and whether the assumed state law violations reflect denials of procedural due process.

The guarantee of substantive due process generally insures that state action which deprives an individual of his life, liberty or property must have a rational basis; and the reason for the deprivation may not be so inadequate as to be arbitrary. *See Jeffries v. Turkey Run Consolidated School District,* 492 F.2d 1, 3–4 (7th Cir.1974). *See also* J. Nowak, R. Rotunda & J. Young, *Constitutional Law,* pp. 443, 448–49 (2d ed. 1983).[3] Consistent with this very general definition, the right to substantive due process has been stated to

1. This Court has subject matter jurisdiction to decide whether plaintiffs have stated a claim under federal law. *See Walsh v. La. High School Athletic Ass'n,* 616 F.2d 152, 156, *rehearing den.,* 621 F.2d 440 (5th Cir.1980), *cert. denied* 449 U.S. 1124, 101 S.Ct. 939, 67 L.Ed.2d 109 (1981); *Southpark Square, Ltd. v. City of Jackson,* 565 F.2d 338, 341 (5th Cir.1977), *rehearing den.* 568 F.2d 1367, *cert. denied,* 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978). *See also Cloutier v. Town of Epping,* 714 F.2d 1184, 1189 (1st Cir.1983).

2. See plaintiffs' Memorandum in Opposition to Motion to Dismiss for Failure to State a Claim upon Which Relief can be Granted, p. 3.

3. State action affecting "fundamental constitutional rights" or suspect classifications is reviewed by a stricter standard. *See Constitutional Law,* pp. 448–49, 460. The only fundamental right arguably at issue in this case is the right to fairness in *procedures* concerning individual claims against governmental deprivations of life, liberty or property. This right is said to be implied from decisions dealing with procedural due process, and accordingly this Court has addressed such concerns separately in evaluating whether the complaint sufficiently alleges a denial of the federal right to procedural due process. *See id.* at 460 & n. 22.

possess "amorphous and protean contours." *McDowell v. Texas,* 465 F.2d 1342, 1346, *aff'd en banc,* 465 F.2d 1349 (5th Cir.1971), *cert. denied,* 410 U.S. 943, 93 S.Ct. 1731, 35 L.Ed.2d 610 (1973). However, mere violation of a state statute clearly does not infringe the federal Constitution, and the power of the federal courts cannot be extended to decide a "purely local squabble by the mere invocation of the generalized protections which [the due process clause confers]." *Id.* Thus, this Court must decide whether it is confronted with a mistake of state law that rises to the level of a constitutional violation. *See Crocker v. Hakes,* 616 F.2d 237, 240 (5th Cir.1980) (plaintiff claiming unconstitutional deprivation of property due to violation of state law). As stated by the Fifth Circuit:

> If state law defines ... which means to a chosen goal are rational, then all intentional violations of state law by state agencies would violate the fourteenth amendment....
>
> State law is in no way demeaned or trivialized by its present status as state, rather than federal, law. The federal judiciary, for its part, has enough federal law to enforce without annexing new bodies of state legislation. We must, and will, leave violations of state law to be corrected by the appropriate state mechanisms.

*Stern v. Tarrant County Hospital District,* 778 F.2d 1052, 1059–60 (5th Cir.1985) (en banc).

The Court finds the due process cases cited by the defendants most closely analogous to the situation before this Court, due to their consideration of due process concerns in the context of claimed infringements of property rights by failure to follow state laws. *See, e.g., Smith v. City of Picayune,* 795 F.2d 482 (5th Cir., 1986); *Crocker v. Hakes, supra,* 616 F.2d 237; *McDowell v. Texas, supra,* 465 F.2d 1342, 1349. For example, in *Smith,* damages were sought due to the City of Picayune's alleged improper annexation and zoning of property owned by plaintiff and certain intervenors. Smith contended due process was denied when the state municipalities established a procedural course and then failed to follow it,[4] a claim which the Fifth Circuit interpreted as asserting a denial of both substantive and procedural due process. The Fifth Circuit found that the city did not conform to state law in zoning the property, but rejected Smith's claim that the city's failure to follow procedures set forth in its own ordinance and required by state law was per se arbitrary and irrational and as such, a violation of substantive due process, citing *Stern v. Tarrant County Hospital, supra.* The Court further noted, citing *Woodard v. Los Fresnos Indep. School District,* 732 F.2d 1243 (5th Cir.1984), that the failure of an agency to follow its own regulations is not, per se, a denial of procedural due process. Yet, these are exactly the contentions set forth in plaintiffs' complaint in this case, and *Smith* requires dismissal of those claims.

The Court finds distinguishable the due process cases cited by the plaintiffs in which the courts were evaluating the protection to be accorded a plaintiff's liberty interests. *See, e.g., Mills v. Rogers,* 457 U.S. 291, 102 S.Ct. 2442, 2448–49, 73 L.Ed.2d 16 (1982)[5]; *Johnson v. Brelje,* 701 F.2d 1201 (7th Cir.1983)[6]; *Franklin v.*

---

4. Similar to the plaintiffs in this case, Smith did not contend that the procedures actually established by state law were constitutionally deficient. *See id.* at p. 7932.

5. Admittedly, *Mills* calls for evaluation of state action affecting an individual's liberty interest by the stricter standard of whether the state can demonstrate compelling interests that outweigh its infringement of the individual's liberty. Moreover, *Mills* incorporates this standard as part of its evaluation of state action under substantive due process standards. However, this Court does not find the same interests implicated in this case.

6. The *Johnson* decision appears limited to the question whether the state's regulation affecting an individual's liberty interest ran afoul of the Constitutional guarantee of procedural due process. *See* note 3 *supra.* Commentators have noted a blurring of the procedural and substantive due process analyses in the context of protection of liberty interests.

*Shields*, 569 F.2d 784, 787–91 (4th Cir. 1977), *cert. denied*, 435 U.S. 1003, 98 S.Ct. 1659, 56 L.Ed.2d 92 (1978). Those cases merely confirm earlier Supreme Court rulings that a state created liberty interest is entitled to the protection of the federal guarantee of due process. *See Vitek v. Jones*, 445 U.S. 480, 490–91, 100 S.Ct. 1254, 1262, 63 L.Ed.2d 552 (1980). *See also Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28 (1982). However, this case does not present similar concerns.

■ Turning to plaintiffs' allegations of denials of procedural due process, this Court must evaluate whether the state mechanisms in question are "fair".[7] Plaintiffs' complaint does not specify any alleged insufficiency in state process or any constitutional defect in the actions of the traffic court. At most, plaintiffs allege in their memorandum that the traffic court of the City of New Orleans "refuses to hear" any cases involving contested parking citations. The Court finds this allegation unclear, but assuming it means the traffic court will not entertain challenges to the tickets, this allegation runs counter to those contained in paragraph 9 of plaintiffs' complaint, to the effect that judges of the traffic court have advised defendant Datacom that the parking tickets are unenforceable. Clearly implicit in this latter allegation is a recognition that local and state authorities will not enforce the parking tickets if they do not accord with state procedures. Accordingly, this case in its present posture falls within the teachings of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1980), to the effect that there is no violation of the constitutional right to procedural due process if the state itself provides an adequate remedy for the infringement of the rights

in question.[8] *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3149, 82 L.Ed.2d 393 (1984) (intentional destruction of inmate's property).[9]

Plaintiffs contend that where a state is able to provide individuals with predeprivation procedures to safe guard their rights, a violation of procedural due process occurs where such procedures are not instituted. *See Augustine v. Doe*, 740 F.2d 322 (5th Cir.1984) (sheriff's warrantless nonconsensual entry into plaintiff's home to effect arrest stated section 1983 claim). However, the Court finds *Augustine* inapplicable to the matters here in question for several reasons. First, plaintiffs have not alleged that they are generally unable to contest their traffic tickets in the local court system prior to paying fines or having their vehicles "booted" for nonpayment of tickets, and plaintiffs herein admit that state law has provided a further procedural safeguard in the form of the affidavit requirement. Second *Augustine* involved egregious infringements of personal rights not involved in this case, and considerations of due process necessarily involve a balance between the individual rights at stake and the state action in question.

For the foregoing reasons, defendants' motion to dismiss is hereby GRANTED, and the Clerk of Court is hereby directed to enter judgment dismissing plaintiffs' claim with prejudice. In view of the Court's ruling, the Court finds it unnecessary to address the plaintiffs' allegations that this matter should be maintained as a class action.

---

7. *See Constitutional Law*, p. 449.

8. Since *Parratt,* the Supreme Court has further limited the power of federal courts to consider negligent deprivations of property. *See Daniels v. Wilson,* —— U.S. —— 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (federal due process clause not implicated in unintentional loss of or injury to life, liberty or property).

9. The Court does not address the parties' contentions whether it should abstain from deciding the issues herein under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 749, 37 L.Ed.2d 669 (1971), because those contentions go beyond the face of the complaint and are not properly the subject of a Rule 12(b)(6) motion.